UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALLAN MARR,

                                                Plaintiff,                                22-CV-6565-FPG

v.

                                                                                         DECISION AND ORDER

T'S FAMILY RESTAURANT/PENFIELD FAMILY
RESTAURANT,

                                               Defendant.

## INTRODUCTION

*Pro se* Plaintiff Allan Marr brings this disability discrimination action against his former employer, which he identifies as "T's Family Restaurant/Penfield Family Restaurant." ECF No. 1 at 1. On February 9, 2023, the Court dismissed Plaintiff's complaint without prejudice. ECF No. 5. Plaintiff has filed an amended complaint, ECF No. 6, which the Court now screens under the criteria set forth in 28 U.S.C. § 1915(e). For the reasons that follow, Plaintiff's amended complaint may proceed to service.

## LEGAL STANDARD

Section 1915 provides "an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"To plead a cognizable claim, [the] complaint must allege enough facts to state a claim to relief that is plausible on its face." *Inkel v. Connecticut*, No. 3:14-CV-1303, 2015 WL 4067038, at *1 (D. Conn. July 2, 2015) (internal quotation marks omitted). "In evaluating whether a plaintiff

1

has stated a claim for relief, the Court accepts as true all factual allegations in the complaint and draws all inferences in the light most favorable to the [p]laintiff." *Id.* (internal quotation marks omitted). The Court may also consider any documents attached to the complaint. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

## BACKGROUND

The following facts are taken from the original and amended complaints.[1] In April 2019, Plaintiff was hired to work as a dishwasher at "T's Family Restaurant/Penfield Family Restaurant." ECF No. 1 at 8. Plaintiff appears to allege that Tony Tsymbol is the owner or operator of the restaurant.[2] ECF No. 6 at 2. The restaurant did not permit "scheduled breaks or lunches for employees." ECF No. 1 at 8. Plaintiff states that he nonetheless "took scheduled breaks and lunches in a manner that accommodated [his] disability." *Id.* Plaintiff alleges that his "disability" is a series of spinal conditions—including thoracic compression fracture and stenosis of the lumbar spine. ECF No. 6 at 7. These conditions cause "pain and [a] decrease in activity and motion." *Id.*

On February 26, 2021, Tsymbol "harassed" Plaintiff for "taking a scheduled break that was necessary for [his] disability." ECF No. 1 at 8. When Plaintiff disclosed that he had a disability necessitating the breaks, Tsymbol terminated Plaintiff's employment, explaining "that [Plaintiff] should have disclosed [his] disability when [he] was hired." *Id.*

In December 2021, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission. *Id.* at 7. Plaintiff received his Right-to-Sue letter in September 2022,

---

[1] Although an amended complaint ordinarily "supersedes the original [complaint] and renders it of no legal effect," the Court will treat the allegations contained in the original complaint as incorporated by reference into the amended complaint. *Elliott v. City of Hartford*, 649 F. App'x 31, 32 (2d Cir. 2016) (summary order).

[2] The Court does not interpret the amended complaint to raise any claim against Tsymbol, as he is not listed in the caption of Plaintiff's complaints. *See* ECF No. 1 at 1; ECF No. 6 at 1. To the extent Plaintiff intended to bring claims against Tsymbol, however, he is free to request leave to amend his complaint to add Tsymbol as a defendant.

*id.* at 11, and filed this action in December 2022. ECF No. 1. The Court construes Plaintiff's amended complaint to bring disability-discrimination claims under the Americans with Disabilities Act ("ADA)" and the New York State Human Rights Law ("NYSHRL"). *Id.* at 1-2, 4. Plaintiff argues that (1) he was terminated because of his disability and (2) he was not offered a reasonable accommodation for his disability. ECF No. 6 at 4-6.

## DISCUSSION

"Title I of the ADA prohibits employers from discriminating again[st] any 'qualified individual with a disability because of the disability of such individual' in regard to any aspect of employment." *Dansler-Hill v. Rochester Inst. of Tech.*, 764 F. Supp. 2d 577, 582 (W.D.N.Y. 2011) (quoting 42 U.S.C. § 12112(a)). "A plaintiff asserting a violation of the ADA must show that: (1) her employer is subject to the ADA; (2) she was disabled within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) she suffered adverse employment action because of his disability." *Id.* at 582-83. Termination of one's employment is an adverse employment action. *See Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232, 263 (E.D.N.Y. 2015). To the extent relevant here, the same requirements apply to Plaintiff's NYSHRL claims. *See Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015).

In addition, employers covered under the ADA have an affirmative duty to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." *Berger v. N.Y.C. Police Dep't*, 304 F. Supp. 3d 360, 368 (S.D.N.Y. 2018). The NYSHRL imposes the same duty on covered employers. *See id.* "To maintain a prima facie claim under the ADA and the NYSHRL for failure to accommodate, an employee must show that: (1) he is a person with a disability under the

3

meaning of the ADA or the NYSHRL; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Id.* at 368-69 (internal brackets omitted).  Both sets of these *prima facie* requirements are "reduced" at the pleading stage of the litigation.  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015).

In this case, Plaintiff alleges that Defendant "T's Family Restaurant/Penfield Family Restaurant" has more than twenty employees, which makes it an employer covered by the ADA and NYSHRL.  *See Mohan v. La Rue Distributor's Inc.*, No. 06-CV-621, 2007 WL 3232225, at *1 (E.D.N.Y. Oct. 31, 2007).  He alleges that he has a disability—namely, spinal conditions that cause pain and a "decrease in activity and motion."  ECF No. 6 at 7; *see also* 29 C.F.R. § 1630.2(i)(1)(i).  Viewing his amended complaint liberally, Plaintiff claims that, so long as he took breaks at certain points during the workday, he was able to successfully perform the essential functions of his job as a dishwasher for nearly two years.  *See* ECF No. 1 at 8.  And Plaintiff alleges that when he disclosed his conditions and requested breaks to accommodate them, Tsymbol immediately fired him.  *See* ECF No. 1 at 8; *see also Lewis v. Blackman Plumbing Supply L.L.C.*, 51 F. Supp. 3d 289, 307 (S.D.N.Y. 2014) (noting that an employer has a "duty to provide a reasonable accommodation" once it becomes aware of an employee's disability, "regardless of whether [the employee] explicitly requested a reasonable accommodation"); 29 C.F.R. § 1630.2(o)(2)(ii) (noting that reasonable accommodations may include "[j]ob restructuring [and] part-time or modified work schedules").

Based on these allegations, the Court concludes that Plaintiff's ADA and NYSHRL claims may proceed to service.

## CONCLUSION

For the foregoing reasons, Plaintiff's disability-discrimination and failure-to-accommodate claims under the ADA and NYSHRL may proceed to service. The Clerk of Court is directed to forward copies of (a) the Summons, (b) Complaint, (c) Amended Complaint, and (d) this Order to the United States Marshal Service for service upon Defendant without Plaintiff's payment, with unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor. Further, the Clerk of the Court is directed to mail a copy of this Order to the *pro se* Plaintiff.

IT IS SO ORDERED.

Dated: March 17, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York