UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALLAN MARR,

                          Plaintiff,

       v.

T'S FAMILY RESTAURANT/PENFIELD
FAMILY RESTAURANT,

                          Defendant.
_____

                        DECISION & ORDER

                        22-CV-6565FPG

On December 19, 2022, *pro se* plaintiff Allan Marr commenced this disability discrimination action against the defendant, his former employer, pursuant to the Americans with Disability Act and the New York Human Rights Law. (Docket ## 1, 6, 9). Plaintiff was granted leave to proceed *in forma pauperis* and subsequently filed an amended complaint. (Docket ## 5, 6). On March 14, 2023, his first motion for appointment of counsel was denied without prejudice, and, on May 23, 2023, he filed another application for counsel, which is currently pending. (Docket ## 8, 15). For the reasons discussed below, his motion is denied.

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1.    Whether the indigent's claims seem likely to be of substance;

    2.      Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.      Whether the legal issues involved are complex; and

    5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

        The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

        The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Moreover, although

plaintiff maintains that he "feels [i]ncapable" of representing himself, the legal issues in this case – employment discrimination and failure to accommodate – do not appear to be complex. Plaintiff has filed a complaint and an amended complaint, as well as motions for appointment of counsel and IFP status (Docket ## 4, 6, 7, 15), demonstrating his ability to seek court intervention when he believes it is warranted. Finally, plaintiff's case does not present any other special reasons justifying the assignment of counsel.

Although plaintiff indicates that he has an attorney who is willing to represent him through the JustCause Pro Se Assistance Program (Docket # 15), JustCause will assist in finding an attorney in those cases in which the Court determines that appointment of counsel is warranted under the legal standard discussed above. Although JustCause may have provided plaintiff with the name of an attorney, that assignment is conditioned on the Court's judgment that appointment is warranted and the issuance of an order reflecting that determination. For the reasons discussed above, the Court finds that appointment of counsel is not justified at this time.

On this record, plaintiff's request for the appointment of counsel **(Docket # 15)** is **DENIED without prejudice** at this time. It is plaintiff's responsibility to hire an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                       United States Magistrate Judge

Dated: Rochester, New York
       August 14, 2023